```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

ROBERTO MONTALVO,

            Plaintiff,

      -v-                                              No.  11 Civ. 6864 (LTS)(FM)

UNITED STATES OF AMERICA,

            Defendant.

----------------------------------------------------------x
```

MEMORANDUM ORDER

Pro se plaintiff Roberto Montalvo ("Plaintiff" or "Montalvo") brings this action against the United States of America ("Defendant"), seeking unpaid tax refunds.  Before the Court is Defendant's motion to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction.  The Court has reviewed thoroughly all of the parties' submissions in connection with the motion and, for the following reasons, Defendant's motion is granted.

BACKGROUND

Plaintiff commenced this action on September 28, 2011, alleging that the Internal Revenue Service (the "IRS") owed him a refund because he erroneously filed a tax return that reported as income money received from a judgment in a personal injury action.  (Compl. at 3.) Defendant filed its motion to dismiss on September 19, 2012.  The motion was accompanied by the Declaration of Andrew Barone ("Barone Decl."), to which Plaintiff's relevant IRS records were attached.  Defendant also filed a Notice, pursuant to S.D.N.Y. Local Civil Rule 12.1,

regarding the Defendant's use of extrinsic evidence in support of its motion, and informing Plaintiff that he was required to submit evidence that supported his claim or risk having his claim dismissed.  (ECF No. 18.)  On October 11, 2012, the Plaintiff filed an "Answer" to the motion to dismiss (hereinafter "Plaintiff's Response").

IRS records indicate the following.  On April 15, 2004, Plaintiff requested an extension of time in which to file his taxes for the 2003 fiscal year.  (Decl. of Andrew Barone ¶ 4).  The request was granted and the IRS credited a withholding of $5,952 to Plaintiff's account.  (Id. ¶ 5).  On July 12, 2004, Plaintiff filed a Form 1040 Federal Income Tax Return for 2003, reporting a tax due of $2,729.  (Id. ¶ 6).  Plaintiff received a refund of $3,223 on August 2, 2004.  (Id. ¶ 7).  Plaintiff alleges that he filed an amended tax return for the 2003 tax year, and that he contacted the IRS, both in person and on the telephone.  (Plaintiff's Response at 1.) Plaintiff does not allege that he initiated an administrative claim with the Secretary of Treasury to obtain the requested refund prior to initiating this suit.

## DISCUSSION

On a motion to dismiss pursuant to Rule 12(b)(1), a plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction of his claims. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  In deciding a Rule 12(b)(1) motion, a court may consider evidence outside the pleadings to resolve disputed factual issues. Phifer v. City of New York, 289 F.3d 49, 55 (2d Cir. 2002).  Because Plaintiff is proceeding pro se, the Court construes Plaintiff's pleadings liberally "so as to interpret them to raise the strongest arguments that they suggest."  Clavizzao v. United States, 706 F. Supp. 2d 342, 346 (S.D.N.Y. 2009).

26 U.S.C. § 7422 permits a taxpayer to file a civil action against the United States for a tax refund. Prior to filing such a suit, however, the taxpayer must first file an administrative claim for a refund with the Secretary of the Treasury. 26 U.S.C. § 7422(a). A taxpayer may pursue an action against the United States only after the administrative claim has been denied or plaintiff has failed to receive a decision on the claim within six months of its filing. 26 U.S.C. § 6532(a). A civil action by a taxpayer who has failed to exhaust his administrative remedies must be dismissed for lack of subject matter jurisdiction. See Clavizzao, 706 F. Supp. 2d at 348. Here, Plaintiff does not allege that he filed the requisite administrative claim with the IRS, and the IRS's records indicate that Plaintiff did not file an amended 2003 return or otherwise pursue any administrative remedies. Accordingly, Plaintiff has failed to establish that this Court has subject matter jurisdiction and therefore his complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the complaint is granted. This Memorandum Order resolves docket entry no. 15. The Clerk of Court is respectfully requested to enter judgment dismissing the complaint for lack of subject matter jurisdiction and close this case.

Dated: New York, New York
February 28, 2013

/S
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:    Roberto Montalvo
2122 Cross Bronx Expressway
Bronx, NY 10472