UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ROBERTO MONTALVO,

        Plaintiff,

  -v-                                              No.  11 Civ. 6864 (LTS)(FM)

UNITED STATES OF AMERICA,

        Defendant.

-------------------------------------------------------x

MEMORANDUM ORDER

        Pro se plaintiff Roberto Montalvo ("Plaintiff" or "Montalvo") brings this action against the United States of America ("Defendant"), seeking unpaid tax refunds.  On February 28, 2013, the Court granted Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).  On that same day, Plaintiff provided the Government with a letter from the IRS, dated August 10, 2011, denying an administrative claim related to the 2004 tax year.  The Government requested that the Court construe Plaintiff's submission as a motion for reconsideration.  (ECF No. 23.)  Shortly thereafter, Plaintiff submitted more formal papers in support of his motion for reconsideration (ECF No. 26), and the Government responded accordingly (ECF No. 25).  The Court has reviewed thoroughly all of the parties' submissions in connection with the motion and, for the following reasons, Plaintiff's motion for reconsideration is denied.[1]

BACKGROUND

---

[1] Familiarity with the prior motion practice is assumed.

Plaintiff commenced this action on September 28, 2011, alleging that the Internal Revenue Service (the "IRS") owed him a refund for taxes paid in the 2003 tax year, because he had erroneously filed a tax return that reported as income money received from a judgment in a personal injury action. (Compl. at 3.) IRS records indicate the following. On April 15, 2004, Plaintiff requested an extension of time in which to file his taxes for the 2003 fiscal year. (Decl. of Andrew Barone ¶ 4, ECF No. 17.) The request was granted and the IRS credited a withholding of $5,952 to Plaintiff's account. (Id. ¶ 5). On July 12, 2004, Plaintiff filed a Form 1040 Federal Income Tax Return for 2003, reporting a tax due of $2,729. (Id. ¶ 6). Plaintiff received a refund of $3,223 on August 2, 2004. (Id. ¶ 7). Plaintiff alleges that he filed an amended tax return for the 2003 tax year, and that he contacted the IRS, both in person and on the telephone. (Plaintiff's Response to Defendant's Motion to Dismiss at 1, ECF No. 19.) On February 28, 2013, Plaintiff submitted a copy of a letter from the IRS, dated August 10, 2011, denying an administrative claim filed by the Plaintiff related to the 2004 tax year. (See ECF No. 23.) Plaintiff does not allege that he initiated an administrative claim with the Secretary of Treasury to obtain his requested refund for the 2003 tax year prior to initiating this suit.

## DISCUSSION

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "Alternatively, a motion for reconsideration may be granted to correct a clear error or prevent manifest injustice." Banco de Seguros Del Estado v. Mutual Marine

Offices, Inc., 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002) (internal quotations omitted).

Plaintiff has failed to identify any controlling decisions or data that the Court overlooked that would justify reconsideration of the Court's February 28, 2013, Memorandum Order.  In that Order, the Court granted Defendant's motion to dismiss because Plaintiff had failed to exhaust his administrative remedies with respect to the 2003 tax year and, consequently, was barred from pursuing a civil claim in federal court.  (See February 28, 2013 Memorandum Order, ECF No. 21); see also 26 U.S.C. §§ 7422, 6532(a).  Plaintiff has submitted an IRS letter, dated August 10, 2011, denying an administrative claim filed by the Plaintiff related to the 2004 tax year.  This letter, however, contains no information as to whether Plaintiff filed the requisite administrative claim with the IRS for the 2003 tax year which is the subject of Plaintiff's complaint.  Furthermore, the IRS records before the Court indicate that Plaintiff did not file an amended 2003 return or otherwise pursue any administrative remedies.  Plaintiff's additional submissions in connection with his motion for reconsideration contain no information that substantiates his complaint.  (See ECF No. 26.)  Accordingly, Plaintiff has not established that this Court has subject matter jurisdiction and therefore his motion for reconsideration must be denied.

CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is denied. This Memorandum Order resolves docket entry no. 26.

SO ORDERED.

Dated: New York, New York
       June 11, 2013

>                                    /S/
>                          LAURA TAYLOR SWAIN
>                          United States District Judge

Copy mailed to:    Roberto Montalvo
                   2122 Cross Bronx Expressway
                   Bronx, NY 10472